## IN THE COUNTY COURT OF PIKE COUNTY, MISSISSIPPI

I-55 NORTH DEVELOPMENT, LLC                                      **PLAINTIFF**

V.                                                       CAUSE NO. _15-0172_

NATIONWIDE MUTUAL INSURANCE
COMPANY, TONY PAGE, and JOHN and                            **DEFENDANTS**
JANE DOES 1 through 5

---

### COMPLAINT

---

COMES NOW the Plaintiff, I-55 North Development, LLC, a Mississippi Limited

Liability Company, by and through counsel, and files this, its Complaint against Nationwide

Mutual Insurance Company, ("Nationwide"), Tony Page, ("Page"), and John and Jane Does 1 to

5, for cause of action in Nationwide, et als' breach of contract and bad faith dealing of a claim

for damages. In support of its claim, I-55 Development respectfully avers, represents and shows

unto this Court as follows:

### PARTIES AND JURISDICTION

1.      Your Plaintiff, I-55 Development, LLC, is a Mississippi Limited Liability

Company, managed by Dave Thind, (hereinafter "I-55 Development"), operating at 102 Colony

Way, Brandon, Rankin County, Mississippi.

2.      The Defendant, Nationwide Mutual Insurance Company, (hereinafter

"Nationwide"), is a foreign, mutual insurance business, duly authorized and doing business in the

State of Mississippi.  Nationwide may be served with process of this Court by service upon the

Honorable Mike Chaney, Commissioner of Insurance, Post Office Box 79, Jackson, MS  39205-

0079, as required under **MCA, Sec. 83-31-39(c).**



FILED
PIKE COUNTY, MS
MAR 09 2015
ROGER A. GRAVES
CIRCUIT CLERK
BY _____

3.      The Defendant, Tony Page, ("Page"), is an adult resident citizen of Madison County, Mississippi. Page, in his official capacity as the writing agent for the insurance contract which is the subject matter of this action, may be served with process of this Court at his place of business, Rawson Insurance Agency, Inc., 2 Professional Parkway, Ridgeland, MS  39157.

4.      Defendants, John and Jane Does, are individuals unknown to the Plaintiff at this time, but who may become apparent in the process and discovery in this action. The Plaintiff reserves the right to name and join such defendants in the event they do appear and are necessary for full justice herein.

5.      I-55 Development represents and shows unto the Court that all major actions and events in this cause occurred at two locations in Pike County, Mississippi, and establish that the Court has both jurisdiction and venue of the parties and subject matter herein.

## FACTUAL HISTORY

6.      I-55 Development operates various convenience stores/gas stations throughout this state. At the time of the occurrences at issue in this action, June 26/27, 2014, I-55 had been in operation for a 15 year period.  Previous to these occurrences, on or about March 10, 2011, I-55 Development entered into an agreement with Harsimran Singh, d/b/a J.P. Limited Enterprises, ("Singh"), for the management and operations of two of I-55' locations, Magnolia Shell Station, 1007 West Highway 48, Magnolia, Mississippi, and Shell Station, 1595 Clark Avenue, Magnolia, Mississippi.  (sometimes called the "Stations")

7.      Upon his return from a European business trip, on or about July 1, 2014, Thind found that both stations were closed, and all inventory in each station had been removed.  When he could not make contact with Thind, Thind contacted the Magnolia Police Department, and a full Incident Report was made for each location; said Reports being attached hereto and marked

as Exhibit "A" and 'B' respectfully.  The loss in merchandise and inventory totals approximately $152,372.00.

8.      When Singh could not be found, I-55 Development timely filed its claim with Nationwide for losses sustained in the two burglaries.  Then, on or about July 4, 2014, I-55 Development received a letter of denial of its claim from Nationwide, based upon the alleged, "Voluntary parting with any property by you or anyone else whom you have entrusted the property" (Denial Letter, Page Two of Exhibit "C" attached hereto); a denial I-55 Development contests, as Singh, among other reasons, was not an employee of I-55 Development at any time in the history of this action. Informal negotiations between Dave Thind and Nationwide did not bring any relief to I-55 Development; therefore, this action is now being filed seeking relief.

## CAUSES OF ACTION

### COUNT ONE

### BREACH OF CONTRACT

9.      I-55 Development alleges a breach of its own contract due to the actions and inactions on the part of Nationwide and its agent, Page.  An examination of the policy in effect at the time of the removal of the two stores' inventory shows coverage for all inventory in each store, with no deductible. This coverage was in place for all stores owned by I-55 Development, due to the similar nature of each store's business.

10.      In its denial letter, it appears Nationwide's reason for its denial of coverage in this case is the exclusion of I-55 Development's "Voluntary parting with any property by you or anyone else to whom you have entrusted the property, if induced to do so by any fraudulent scheme, trick, device or false pretense." (Policy at B. Exclusions, 1., i. )  This reliance on Nationwide's part is misplaced in its assumption that Harsimran Singh was an employee and had

stolen the inventories.  There is no direct proof of this, and, as opposed to being an employee of

I-55 Development, Singh was an independent contractor in his relationship with the Plaintiff.  As

such, all transactions between Singh and I-55 Development should be considered as an "arms

length" transaction, not entrustment.  Also, Singh's absence creates many questions that

eliminate any entrustment status with I-55 Development.

11.    I-55 Development charges Nationwide with a direct and obstinate breach of its

contract for coverage with I-55 Development for the losses it sustained in the June 26, 2014,

robbery of the two Magnolia Shell stations.  Nationwide's sole reliance that Harismran Singh

perpetrated the burglary alone is not sufficient proof of the Policy's exclusion clause.  The facts

of the event thus far amount to mere speculation on the part of Nationwide, not actual proof

which would trigger exclusion of I-55 Development 's claim.

12.    Therefore, I-55 Development files this, its Complaint for damages of, from and

against Nationwide, for breach of its insurance contract with I-55 Development ; in an amount to

be determined by this Court as sufficient to compensate I-55 Development for its losses in this

action; but not less than $152,372.00, together with attorney's fee, and all costs of court.

## COUNT TWO

### BAD FAITH IN SETTLEMENT OF DAMAGES

13.    I-55 Development re-incorporates and re-alleges all facts and averments as set out

in Paragraphs 1 to 11 above, and further alleges, represents and shows unto this Court that I-55

Development  now charges Nationwide and its officers, employees and agents, including the

Defendant, Tony Page, with collective bad faith in the non-settlement of I-55 Development 's

claim under its policy of insurance, and their collective callous and obstinate disregard of the

rights and privileges of I-55 Development , under its contract of insurance in this action.

14.     The Plaintiff charges Nationwide and Page with numerous acts of gross negligence in their denial of its claim for damages in their inadequate and improper investigation of I-55 Development 's claim, relying upon their assumptions and speculations as to liability in this action that is contrary to the facts in the case; the arbitrary and callous decisions to deny payment of I-55 Development 's claim; and other areas of omissions and negligence that may become apparent in the discovery and progress of this action.

15.     Therefore, I-55 Development requests this Court's determination of the appropriate amount of punitive/exemplary damages of from and against Nationwide, its officers, employees and agents, particularly including Page, jointly and severally, as allowed under **MCA, Sec. 11-1-65 (Amend 2004),** for the gross negligence as seen in the actions and inactions of the Defendants, jointly and severally in the denial of the claim of I-55 Development  in this action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, I-55 Development Development, prays that this, its Complaint, be received and filed, and that the Defendants, Nationwide Mutual Insurance Company, Tony Page and John and Jane Does 1 to 5, be required to answer or otherwise defend thereto in the delays allowed by law, and that upon a final hearing herein, I-55 Development  be awarded a Judgment of, from and against Nationwide, its officers, employees and agents, particularly including Page, jointly and severally in an amount sufficient to compensate I-55 Development  for its damages and losses suffered in the loss of inventory and merchandise from its two Magnolia stores, but not less than $152, 372.00, and, after this Court's determination of appropriate punitive/exemplary damages of, from and against these Defendants, due to their actions and omissions in gross negligence and punitive actions in the Defendants' denial of I-55 Development's legitimate claim herein.

The Plaintiff further prays for this Court's additional award of attorney's fees, costs of Court, pre and post-judgment interest at the legal rate, for which execution may issue.

AND, if your Plaintiff, I-55 Development has prayed for wrong, improper or insufficient relief, it then prays for such other relief, either general or special, to which in equity it may be entitled.

Respectfully submitted this, the 2nd day of March, 2015.

I-55 DEVELOPMENT, LLC,
Plaintiff

By:  BEN ROWLEY

BEN ROWLEY, MSB# 104243
Attorney for I-55 North Development, LLC
HONEA LAW FIRM, PLLC
209 Apache Drive
McComb, MS 39648
Ph: (601) 250-5687
Fax: (601) 250-5690