```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


I-55 DEVELOPMENT, LLC                                   PLAINTIFF

VS.                         CIVIL ACTION NO. 5:15-cv-29(DCB)(MTP)

NATIONWIDE INSURANCE COMPANY                            DEFENDANT
```

ORDER

This cause is before the Court on the plaintiff I-55 Development, LLC ("I-55")'s motion to dismiss case without prejudice **(docket entry 28)**. Having carefully considered the motion and defendant Nationwide Insurance Company ("Nationwide")'s response, as well as the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

I-55 filed its Complaint against Nationwide and Tony Page ("Page") in the County Court of Pike County, Mississippi, on March 9, 2015. The defendants removed the action to this Court on March 25, 2015, claiming that defendant Page was fraudulently joined and asserting diversity jurisdiction under 28 U.S.C. § 1332 because I-55 and Nationwide are diverse parties and the amount in controversy exceeds $75,000. Defendant Nationwide subsequently filed its Answer to the Complaint on March 27, 2015. On September 16, 2015, I-55 and Nationwide submitted an Agreed Order of Dismissal Without Prejudice as to Page, dismissing all claims against Page "without prejudice." The Order was signed on September 18, 2015 (docket

entry 25).

On October 12, 2015, I-55 filed the present motion to dismiss this case without prejudice. As grounds, the plaintiff claims, <u>inter alia</u>, that discovery in this case has revealed that Page "negligently procured insurance coverage," "failed to discuss any policy exclusions," "made negligent misrepresentations of material fact to I-55 Development about the insurance coverages being provided by Nationwide," and failed "to deliver a copy of the Nationwide policy to I-55 Development." Motion to Dismiss Case Without Prejudice, ¶ 6.

Nationwide responds to I-55's motion, claiming that I-55's Complaint "assert[s] damages resulting from the denial of a claim submitted to Nationwide and that Page "had nothing to do with the claims process and had no involvement in Nationwide's decision to deny the Plaintiff's claim." Defendant's Objection to Plaintiff's Motion, ¶ 1.

The Court finds that the present motion is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that amendments to pleadings should be freely given "when justice so requires." However, when the amendment seeks to join a nondiverse party after removal, the district court has greater discretion to grant or deny joinder. 28 U.S.C. § 1447(e)("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder

2

and remand the action to the State court."). In deciding whether to permit joinder of a nondiverse defendant after removal, district courts must also consider the four factors outlined by the Fifth Circuit in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987). The plaintiff is also required to file a proposed Amended Complaint with its Rule 15 motion.

Because the parties on both sides failed to address the applicable legal standards, the Court shall dismiss the plaintiff's motion without prejudice, and the plaintiff shall file a Motion to File a First Amended Complaint within 14 days from the date of entry of this Order. The defendant shall have 14 days to respond.

Accordingly,

IT IS HEREBY ORDERED that plaintiff I-55 Development, LLC's motion to dismiss case without prejudice **(docket entry 28)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that the plaintiff shall file a Motion to File a First Amended Complaint within 14 days from the date of entry of this Order, and the defendant shall have 14 days to respond. Any rebuttal shall be filed within 7 days after service of the response.

SO ORDERED, this the 15th day of December, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE